FILED
2020 Jun-12  PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **RICHELLE ANTOINETTE** ) | |
| **TAYLOR as Adminstrator for the** ) | |
| **Estate of LETORRYNE JAMES** ) | |
| **TAYLOR,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Civil Action No. 5:20-cv-00467-CLS** |
| ) | |
| **CHAD BROOKS,** ) | |
| ) | |
|     **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDERS**

Two competing motions await decision:  defendant's motion to stay discovery pending a ruling upon his motion to dismiss (doc. no. 8); and plaintiff's motion for immediate discovery, filed for the purpose of determining the identity of the fictitious defendants originally pled in the complaint (doc. no. 12).  The court's ruling on those motions is complicated by its summary dismissal of the fictitious defendants.  *See* doc. no. 14 (Order Striking Fictitious Defendants), and doc. no. 6 (Defendant's Motion to Strike Fictitious Defendants).  Consequently, when considering the relative merits of the pending motions, this court has decided on its own, *sua sponte*, to reconsider its previous order striking the fictitious defendants.

Defendant's motion to stay discovery pending a ruling upon his motion to

dismiss was filed first, and is based upon the proposition that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

Plaintiff opposed defendant's motion to stay discovery (doc. no. 11), and simultaneously filed a motion seeking immediate discovery, for the purpose of identifying the parties listed as fictitious defendants (doc. no. 12). At the court's direction (doc. no. 15), plaintiff submitted the text of the two interrogatories and single request for production that she proposes to serve upon defendant, if permitted to do so: *i.e.*,

## INTERROGATORIES

1. Identify . . . all person(s) who had any interaction with Letorryne James Taylor from the time of his arrival at the Madison County Jail Facility on or around February 25, 2020 until the time of his death.

2. For each person identified in response to Interrogatory No. 1, please provide their job title and the reason for their interaction with Letorryne James Taylor.

. . . .

## REQUESTS

1. Provide all documents in your possession related to Letorryne James Taylor's arrest on February 25, 2020 and death on February 26, 2020.

Doc. no. 17-1 (Exhibit A), at 5 & 10. The question presented is whether such discovery should be allowed.

## I. DISCUSSION

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

However, "[i]t is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

In *Dean*, the Eleventh Circuit held that the district court abused its discretion by denying the *pro se* plaintiff's motion to add "Chief Deputy of the Jefferson County Jail John Doe" as a defendant because plaintiff's "description was sufficiently clear to allow service of process on the 'Chief.'" *Id.* at 1216.

In contrast, the Eleventh Circuit held in *Richardson* that "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" was not sufficiently clear to identify the defendant, and the claim was properly dismissed. 598 F.3d at 738.

At the district court level, the question of whether to permit a plaintiff to allege claims against fictitious parties has often turned on whether "it was clear that discovery would uncover [a] defendant's identity." *Dean*, 951 F.2d at 1216 (citing

3

*Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (alteration supplied). *See also Mann v. Darden*, 630 F. Supp. 2d 1305, 1312 (M.D. Ala. 2009) ("[P]laintiffs can use fictitious names for real defendants when it appears that . . . discovery will uncover the defendant's actual name."); *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 1354, 1361 (S.D. Fla. 2009) (denying motion to strike fictitious defendants); *Taylor v. Kendricks*, No. 2:15-cv-01280-AKK-HNJ, 2017 WL 11404907, at *2 (N.D. Ala. Aug. 3, 2017) (allowing plaintiff to amend complaint where discovery uncovered identity of fictitious defendant); *Dubose v. City of Hueytown*, CV-15-BE-852-S, 2016 WL 3854241, at *15 (N.D. Ala. July 15, 2016) (noting that "Fictitious Officers" are employees of the Defendant City and that defendant is "in the best position to identify the adequately described Fictitious Officers through police records . . . ."); *Quad International, Inc. v. Doe*, No. 12-673-N, 2013 WL 105253, at *3 (S.D. Ala. Jan. 7, 2013) (allowing plaintiff to bring action against the fictitious party defendant "for a reasonable period of time necessary to conduct discovery on that issue"); *King v. Alabama Department of Corrections*, No. 2:12-cv-294-WHA, 2012 WL 2568162, at *3 (M.D. Ala. July 2, 2012) (finding that the exception to the rule on fictitious-party pleading is met where "an individual has identified real parties and used specific descriptors which could readily lead to identification of the unknown parties after discovery"); *Daleo v. Polk County Sheriff*,

4

No. 8:11-cv-2521-T-30TBM, 2012 WL 1805501, at *5 (M.D. Fla. May 17, 2012)

("Daleo can use fictitious names to indicate real defendants because it appears that

discovery will likely uncover the defendants' actual names."); *McDermott v. Brevard*

*County Sheriff's Office*, No. 6:07-cv-150-Orl-31KRS, 2007 WL 948430, at *3 (M.D.

Fla. Mar. 27, 2007) (quoting *Gillespie*, 629 F.2d at 642) ("[P]laintiff should be given

an opportunity through discovery to identify the unknown defendants, unless it is

clear that discovery would not uncover the identities, or that the complaint would be

dismissed on other grounds.").

Other decisions have turned on the degree of specificity employed by a plaintiff

when describing the fictitious parties. *See White v. City of Birmingham, Ala.*, 96 F.

Supp. 3d 1260, 1281 (N.D. Ala. 2015) (dismissing claims against fictitious

defendants because plaintiff failed to sufficiently describe them, and plaintiff's

counsel failed to use discovery tools available to identify fictitious defendants);

*Vielma v. Gruler*, 347 F. Supp. 3d 1122, 1139 (M.D. Fla. 2018) ("None of the Doe

Defendants named in the SAC [Second Amended Complaint] are described with

adequate specificity to allow service of process.  All that is known of the most-

specifically-described Doe Defendant is his or her employer and general physical

description.  Most lack even these paltry details.") (alteration supplied); *Moulds v.*

*Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) (affirming dismissal of fictitious

defendants where plaintiff "gave general descriptions of [some defendants], such as by indicating the duty stations to which they were assigned," but "did not timely request any discovery that would have allowed him to learn their names and serve process on them"); *Russo v. Dunn*, No. 2:17-cv-01005-KOB-JEO, 2017 WL 8159313, at *9 (N.D. Ala. Nov. 20, 2017) (finding plaintiff's description of some defendants as "all unknown correctional[ ] officers assigned, on the date of the incident [April 20, 2016,] to work P2 Dorm, the cube of said dorm, supervisors on the shift, . . . at all times preceding the incident and the filing of this action" to be sufficient to name them as defendants).

To varying degrees, district courts within the Eleventh Circuit have allowed plaintiffs to plead fictitious defendants when they can be easily identified through discovery, as they most likely can be in the present case.  Nevertheless, this question remains:  may plaintiff engage in early discovery to identify the fictitious defendants before the court rules upon defendant's motion to dismiss.

In *Mann v. Darden*, *supra*, when addressing the questions of whether additional defendants "related back" to the original complaint for statute of limitation purposes, Judge Myron H. Thompson, Jr., of the Middle District of Alabama observed that

[t]he names 'Darden' and 'Emmanuel' were not used to describe the

> defendants in this case until the amended complaint was filed in March
> 2008, *after Mann had obtained early discovery*, had subpoenaed records
> from the Prattville Police Department in January 2008, and had verified
> the identity of the officers against whom she had brought the complaint.

630 F. Supp. 2d at 1310 (emphasis supplied). Even so, the opinion does not discuss

the grounds upon which "early discovery" was permitted, or the limits, if any, placed

on that discovery.

Katherine P. Nelson, a magistrate judge in the Southern District of Alabama,

issued an opinion on this exact issue in *Quad International, Inc. v. Doe*, No. 12-673-

N, 2013 WL 105253 (S.D. Ala. Jan. 7, 2013), a case in which the plaintiff sought, and

the court granted, early discovery under Federal Rule of Civil Procedure 26(d). The

court opined that "binding precedent does not foreclose the possibility of recognizing

an exception, as has been approved in other Circuits, allowing a plaintiff to name

fictitious party defendants where discovery is needed to determine the identity of such

persons." *Id.* at *3. Specifically, the opinion held that the

> plaintiff may bring this action against the fictitious party defendant
> identified in the Complaint for a reasonable period of time necessary to
> conduct discovery on that issue. It is the opinion of the court that such
> exception is appropriate where a) the fictitious part[y] is a real person
> whose identity is unknown, b) plaintiff contemporaneously seeks to
> ascertain the identity of the fictitious party through limited discovery,
> and c) the court finds that such proposed discovery is narrowly tailored
> and is likely to lead to the identification of the fictitious party. . . . The
> court finds such an exception to be appropriate where, as here, plaintiff
> knows of no party defendant which could be named and thus cannot

> otherwise bring suit; the court makes no determination of the propriety
> of this procedure where plaintiff knows the identity of other defendants
> against whom discovery may proceed in the usual course of litigation,
> and where presently-unidentified defendants may be added by
> amendment once discovery leads to identification of the Doe defendants.

*Id.* (internal citations omitted, alterations supplied).[1]

The circumstances presented by the present case meet most of the requirements outlined in the *Quad International* opinion. The fictitious defendants originally pled are real persons whose names are unknown by plaintiff, but persons who can be easily identified by defendant. The discovery proposed by plaintiff is narrowly tailored, and designed to uncover the identity of those individuals. On the other hand, this case differs slightly from *Quad International*, in that there is one named defendant, Chad Brooks. However, the pending motion to dismiss that named defendant also creates an urgency to name the other defendants that could not be resolved in the normal course of litigation.

The question presented would have been more easily resolved if the plaintiff's attorney had alleged the fictitiously-described defendants with more specificity. For example, if plaintiff had alleged that

---

[1] Judge Nelson issued identical opinions in the following, apparently-related cases: *Quad International, Inc. v. Doe*, No. 12-675-N, 2013 WL 105268 (S.D. Ala. Jan. 7, 2013); *Quad International, Inc. v. Doe*, No. 12-674-N, 2013 WL 718448 (S.D. Ala. Jan. 7, 2013); *Quad International, Inc. v. Doe*, No. 12-676-N, 2013 WL 105271 (S.D. Ala. Jan. 7, 2013); *Quad International, Inc. v. Doe*, No. 12-677-N, 2013 WL 105350 (S.D. Ala. Jan. 7, 2013); *Guava, LLC v. Doe*, No. 12-678-N, 2013 WL 105352 (S.D. Ala. Jan. 7, 2013).

[Deputy Sheriff "A"] brought Mr. Taylor into the holding area.  Mr. Taylor was handcuffed.  [Deputy A] stood beside him while another as-yet-unidentified female [Deputy Sheriff "B"] with the Madison County Sheriff's Department . . . began asking him questions.

[Deputy B] asked Mr. Taylor his name . . . .  Mr. Taylor started talking gibberish . . . .

[Deputy A] standing beside Mr. Taylor slammed his face down on the counter and held it there.  . . . [Deputy A] hit Mr. Taylor in the stomach with his knee.  Another as-yet-unidentified male [Deputy Sheriff "C"] . . . came up and [Deputies A and C] started dragging Mr. Taylor into a single holding cell . . . .

Doc. no. 1 (Complaint), at 2-3 (alterations supplied).

Even so, the result of slavishly following the general rule that fictitious-party pleading is not allowed, while denying plaintiff any discovery under the present circumstances, would be to elevate formalism above fundamental fairness.

## II. ORDERS

Accordingly, it is ORDERED that this court's order striking the fictitiously-described defendants (doc. no. 14) be, and the same hereby is, RESCINDED, WITHDRAWN, and HELD FOR NAUGHT.

Further, defendant's motion to stay discovery (doc. no. 8) is DENIED, and plaintiff's motion for immediate discovery (doc. no. 12) is GRANTED.  Defendant is ORDERED to respond to the two interrogatories and one request for production described in doc. no. 17-1 (Exhibit A), at 5 & 10, by the close of business on Friday,

9

June 19, 2020.

Defendant also is ORDERED to immediately preserve any video footage of the relevant areas of the Madison County Detention Facility that was recorded from the time Mr. Taylor arrived in that facility on February 25, 2020, until the time of his death on February 26, 2020, and to file, under seal, a full and complete copy of such video footage with the Clerk of Court no later than the close of business on Friday, June 19, 2020.

**DONE** and **ORDERED** this 12th day of June, 2020.

_____
Senior United States District Judge

10